# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PACIFCA L. SIXTEEN, LLC,

                Plaintiff,

    v.

ANDRES LOPEZ,

                Defendant.

_____/

CASE NO. 1:11-cv-01342-AWI-SKO

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND REMANDING ACTION TO TULARE COUNTY SUPERIOR COURT**

(Docket No. 3)

## I. INTRODUCTION

On August 12, 2011, Defendant Andres Lopez ("Defendant") filed a notice of removal of Tulare County Superior Court Case No. TCL145297 to the United States District Court for the Eastern District of California.  (Doc. 1.)  The notice alleges that the basis of removal is the violation of Defendant's rights under 15 U.S.C. Sections 1629e(10), 1629g(a)(3), and 1692(g)(a)(5) of the Fair Debt Collection Practices Act ("FDCPA").  (Doc. 1, ¶ 5.)

On August 24, 2011, Plaintiff Pacifica L. Sixteen, LLC ("Plaintiff") filed a motion for remand, asserting that Defendant failed to provide timely notice pursuant to 28 U.S.C. Section 1446(b) and that the Court lacks subject matter jurisdiction to hear this case.  Defendant did not file an opposition.

The Court has reviewed the motion and supporting documents and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g).  For the reasons set forth below, the Court GRANTS Plaintiff's motion for remand and REMANDS the action to the Tulare County Superior Court.

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).

### B.   Procedural Defects with Defendant's Notice of Removal

#### 1.      Defendant's Notice of Removal was Not Timely

Pursuant to 28 U.S.C. Section 1446(b),"notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ."  When removability is uncertain, the 30-day period is measured from the point at which a defendant had notice that the action is removable; however, removal based on diversity must be effected within one year after the case is filed.  *See* 28 U.S.C. § 1446(b).

Plaintiff provides proof of service that the underlying state case, no. TCL145297, an unlawful detainer action, was served upon Defendant on May 10, 2011, via posting and mailing pursuant to California Code of Civil Procedure Section 415.45.  (Doc. 3-3, pp. 12-13.)  Defendant filed the notice of removal on August 12, 2011, ninety-four (94) days after being served the summons and complaint.  Defendant fails to show that the notice was uncertain or that he received notice of the complaint at a later date.  (*See* Doc. 1.)  Additionally, as discussed below, any removal that Defendant would seek based on diversity is improper.  As such, Defendant's notice of removal is untimely pursuant to 28 U.S.C. Section 1446(b).

Nonetheless, "[u]ntimeliness of removal does not allow the court to sua sponte remand the action to superior court because an untimely removal notice is a non-jurisdictional procedural defect that may be waived by a party failing to raise it." *McGuire v. California*, No. C-09-5918 VRW (PR), 2011 WL 97736 at *1 (N.D. Cal. Jan. 12, 2011) (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)).  Here, Plaintiff raises this defect.  Further, "whether the action should remain [in federal court] depends on whether the court has subject matter jurisdiction." *Id*.  As discussed below, the Court lacks subject matter jurisdiction over this matter.

## 2.    Defendant Failed to Comply with Title 28 U.S.C. Section 1446(a)

Defendant also committed an additional procedural error.  When Defendant filed the notice of removal, Defendant failed to provide to this Court the underlying complaint filed in the Tulare County Superior Court.  Title 28 U.S.C. Section 1446(a) requires that the removing defendant "shall file a copy of all process, pleadings, and orders served upon such defendant or defendants in the action."  While Defendant provided a letter from the Tulare County Superior Court, a request to set the unlawful detainer proceeding for trial, and a reply brief in support of an ex parte application to stay the proceeding, Defendant did not file the actual complaint.  (*See* Doc. 1, pp. 5-13.)  Accordingly, Defendant failed to comply with Section 1446(a).

## C.    This Court Lacks Subject Matter Jurisdiction

### 1.    No Federal Question Jurisdiction Pursuant to Title 28 U.S.C. Section 1331

Notwithstanding Defendant's procedural defects, the Court lacks subject matter jurisdiction over this matter.  In its motion for remand, Plaintiff provides a copy of the complaint that is the

3

subject of this removal.  (Doc. 3-3.)  The complaint contains a single claim for unlawful detainer.  (Doc. 3-3, pp. 3-5.)  Plaintiff contends that there is no jurisdictional basis for removal since the unlawful detainer action, on its face, fails to raise a federal question as Plaintiff is seeking only to recover possession of the property in question.  (Doc. 3-1, 3:8-10.)

Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Defendant's removal notice asserts a defense of violations of the FDCPA under Title 15 U.S.C. Sections 1629e(10), 1629g(a)(3), and 1692(g)(a)(5)  (Doc. 1, ¶ 5.)

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1272 (2009); *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *4 (E.D.Cal. Dec. 20, 2010).  The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law.  Thus, there is no federal question jurisdiction as required under Section 1331.

**2.      No Diversity Jurisdiction Pursuant to Title 28 U.S.C. Section 1332**

Plaintiff maintains that the Court does not have removal jurisdiction pursuant to 28 U.S.C. Section 1332 based on diversity of citizenship because Defendant fails to allege diversity in the removal notice, the complaint expressly pleads that the damages at issue are less than $75,000, and that Defendant is a citizen of California.

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  The complaint was filed as a limited civil case and does not allege damages in excess of $75,000.  Rather, the caption of the complaint expressly states that the amount demanded does not exceed $10,000.  When a plaintiff alleges damages in an amount less than the jurisdictional minimum, "a defendant will be able to remove the case to federal court by

4

showing to a legal certainty that the amount in controversy exceeds the statutory minimum." *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).[1]

Here, Defendant does not establish that the amount in controversy exceeds $75,000 and further fails to submit any evidence to meet his burden. (*See* Doc. 1.)  Further, courts have found that "that the amount in controversy was not satisfied where a defendant sought to remove an unlawful detainer action from a state court of limited jurisdiction." *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Bravo*, No. CV 08-7736-GW(RCx), 2009 WL 210481 at *2 (C.D. Cal. Jan. 23, 2009).  The Court, therefore, finds that the amount in controversy is less than the jurisdictional minimum required for purposes of diversity jurisdiction.

Additionally, under Title 28 U.S.C. Section 1441(b), when an action is founded on diversity, such action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  Plaintiff argues that Defendant is a citizen of the State of California. (Doc. 3-1, 4:9-13.) Defendant's removal notice fails to allege Defendant's citizenship, but the Court notes that Defendant, representing himself in *pro se*, indicates that his address is located in Delano, California.  (Doc. 1, 1:1-3.) Further, this action is for an unlawful detainer and indicates that Defendant's home address is located in Delano, California.  (*See* Doc. 3-3, ¶¶ 2-5, p. 10.)  As such, Defendant's California residency negates removal jurisdiction based on diversity.  28 U.S.C. § 1441(b).

### III.   CONCLUSION AND ORDER

Accordingly, the Court concludes that removal jurisdiction is not proper on the basis of either Title 28 U.S.C. Section 1331, as there is no federal claim alleged in the complaint, or Section 1332, as there is no basis for diversity jurisdiction.

---

[1] As *Lowdermilk* was predicated on removal under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), there is a question whether the legal certainty standard is also applicable in the 28 U.S.C. § 1332(a) removal context. The Ninth Circuit specifically left this question unanswered in *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Court notes, however, that several district courts have applied *Lowdermilk* in the Section 1332(a) removal context. *See, e.g., Lara v. Trimac Transp. Servs,* No. CV 10-09226 MMM, 2010 WL 3119366 (C.D. Cal. Aug. 6, 2010). Here, however, the Court has no need to reach the question of whether *Lowdermilk* should apply in the context of a Section 1332(a) removal.  Even if Defendants were held to the lower standard of establishing the amount in controversy by a preponderance of evidence, Defendants' removal notice does not satisfy that evidentiary standard.

The Court HEREBY ORDERS that:

1.      Plaintiff's motion for remand is GRANTED;

2.      This action is REMANDED to the Tulare County Superior Court; and

3.      The Clerk of the Court is DIRECTED to serve a copy of this order on the Tulare County Superior Court.


IT IS SO ORDERED.

**Dated:    September 18, 2011                        /s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE